In The United States District Court
Southern District of Ohio
Western Division

**JUSTIN O. LEGGE**
7192 Dayton-Springfield Road
Enon, OH 45323
        Plaintiff,                                          **Case No. 3:15CV157**
&

**MICHELLE LEGGE**                                    **JUDGE**_____
7192 Dayton-Springfield Road
Enon, OH 45323
        Plaintiff,                                          **COMPLAINT WITH JURY DEMAND**
v.                                                              **ENDORSED THEREON**

**MICHAEL WHETSTONE** (Personally)
c/o Clark County Sheriff's Office
120 N. Fountain Ave.
Springfield, OH 45502
        Defendant,
&

**Sheriff GENE A. KELLY** (In His Official Capacity)
120 N. Fountain Ave.
Springfield, OH 45502
        Defendant,
&

**JAMES R. STOUFFER (**Personally)
c/o Clark County Sheriff's Office
120 N. Fountain Avenue
Springfield, OH 45502
        Defendant,
&

**JEREMIAH C. BRADLEY** (Personally)
c/o Enon Police Department
363 East Main Street
P.O. Box 63
Enon, OH 45323
        Defendant.

## JURISDICTION

1. This District Court of the United States has jurisdiction of this cause pursuant to 28 USC § 1331, 28 USC § 1332(a)(1), and 28 USC § 1343 (a)(1)(2) and (3).

## VENUE

2. Venue is appropriate in this District because the acts complained of occurred in Clark County within this District.

## PARTIES

3. Plaintiff Justin O. Legge, is a natural person, a citizen of the United States, a holder of a valid Ohio commercial driver's license, a holder of a valid Ohio Concealed Weapons license, and a resident of Clark County, Ohio. At all times material hereto, Justin O. Legge was the spouse of Plaintiff Michelle Legge.

4. Plaintiff Michelle Legge, is a natural person, a citizen of the United States, and a resident of Clark County, Ohio. At all time material hereto, Michelle Legge was the spouse of Plaintiff Justin O. Legge.

5. Defendant Michael Whetstone is a natural person who at all times material hereto acted under color of law as a sworn Clark County Deputy Sheriff.

6. Defendant Sheriff Gene A. Kelly is and was at all time material hereto, the duly elected Sheriff of Clark County, Ohio. This action is brought against Sheriff Gene A. Kelly in his official capacity.

7. Defendant Stouffer is a natural person who, at all times material hereto, acted under color of law in his capacity as Clark County Sheriff's Office Concealed Carry Administrator.

8. Defendant J. C. Bradley is a natural person who at all times material hereto acted under color of law in his capacity as a sworn Enon, Ohio Police Officer.

**FACTS**

9. Plaintiff Justin O. Legge was lawfully operating a 2011 Dodge Ram 3500 pickup truck in a southwesterly direction on St. Rt. 4, in the vicinity of St. Rt. 369 on May 17, 2014 at approximately 4:45 AM, EDT.

10. In the same time and place as described in the previous paragraph, Plaintiff Justin O. Legge was transporting two (2) unloaded .40 cal. Smith & Wesson Pistols, and five (5) loaded magazines containing .40 cal. ammunition in a locked gun safe which was located between the front seats of the 2011 Dodge Ram 3500 pickup truck.

11. Shortly prior to Legge's approach to the Enon Road off ramp, Defendant Whetstone seized Legge and his Dodge Ram 3500 pickup truck and its contents without any reasonable or articulable suspicion that Legge was violating any law, traffic law, regulation, or ordinance, by affecting a traffic stop of Legge's 2011 Dodge Ram 3500 Pickup truck.

12. At all time subsequent to stopping Legge's vehicle, Defendant Whetstone's body microphone was muted rendering any audio recording of the ensuing events indecipherable.

13. Shortly after, Defendant Whetstone seized Justin O. Legge and his Dodge Ram pickup truck, Defendant Bradley arrived on the scene and provided assistance to Defendant Whetstone.

14. While Legge was still seated in the vehicle, Dep. Whetstone demanded to know if Legge had any weapons on his person or in the vehicle to which Legge responded that he had two (2) unloaded guns in the locked gun safe.

15. Thereafter, Defendant Whetstone ordered Legge from the vehicle and attempted to administer field sobriety "tests" to Legge without substantially complying with the procedures of the National Highway Traffic Safety Administration Manual.

16. Defendant Whetstone, without having lawfully obtained probable cause to do so, placed Legge under arrest informing him he was under arrest for Operating a Motor Vehicle Under the Influence of an Alcoholic Beverage in an alleged violation of Ohio Revised Code § 4511.19.

17. Upon informing Legge that he was under arrest, Whetstone handcuffed Legge and placed him into his patrol car and demanded to know the location of the gun safe in which the two (5) unloaded .40 cal Smith & Wesson pistols and the five (5) loaded magazines containing the ammunition.

18. Thereafter without permission or lawful authority, Defendant Bradley seized the key to the gun safe from the pants pocket of Legge and then Defendant Bradley and Defendant Whetstone proceeded to unlock the gun safe and seize the two (2) unloaded .40 cal. Smith & Wesson pistols and the five (5) magazines containing ammunition.

19. Defendant Whetstone then ordered Legge's Dodge Ram 3500 pickup truck impounded by Park Layne Sunoco and transported Legge to the Clark County Sheriff's Office (Jail) where Whetstone served Legge with an Ohio BMV Form 2255 imposing an administrative suspension of Legge's Commercial Driver's license in which Whetstone falsely swore that the reasonable grounds for the arrest before test were, "Marked Lanes, Slow Speed..."

20. In the course of processing official forms detailing the facts and circumstances involving the stopping and arrest of Justin O. Legge, Defendant Whetstone falsely and maliciously alleged in a Uniform Incident Report:

   A. That prior to affecting the stop of Justin O. Legge's Dodge Ram 3500 pickup truck that Defendant Whetstone had "paced" Justin O. Legge's vehicle at 50 MPH in a 70 MPH zone.

   B. That prior to affecting the stop of Justin O. Legg's Dodge Ram 3500 pickup truck that Justin Legge's vehicle failed to maintain its lane of travel.

   C. That prior to affecting the stop of Justin O. Legge's Dodge Ram 3500 pickup truck that Justin O. Legge's vehicle crossed the white line three times.

    D.    After arresting Justin O. Legge, the key to the gun safe in Legge's Dodge Ram Pickup Truck was, "...on a clip on the outside of the driver's (Legge's) pants."

21. Defendant Kelly has promulgated a policy or established a custom or practice that deputies sheriff charge individuals with criminal offenses involving the carrying and transportation of handguns and firearms without regard to whether or not the handguns or firearms are capable of discharging projectiles, and that weapons and Ohio concealed weapons once seized by Clark County Sheriff's personnel should be retained even though no criminal charges are pending.

22. On May 20, 2014, Defendant Whetstone maliciously swore to a criminal complaint (File No. CCSO00002067) in the Clark County Municipal Court falsely alleging Justin O. Legge failed to promptly inform that Legge was transporting a loaded handgun in a motor vehicle (at the time at the time immediately after Defendant Whetstone approached Justin O. Legge's Dodge Ram 3500 Pickup truck after affecting the stop of same) charging a violation of ORC § 2923.16(E)(1), a minor misdemeanor.

23. On May 20, 2014, Defendant Whetstone maliciously swore to a criminal complaint (File No. CCSO00002067) in the Clark County Municipal Court falsely alleging Justin O. Legge failed to promptly inform that Legge was "[recklessly] while under the influence of alcohol or drug of abuse, carry or use any firearm or dangerous ordinance," charging a violation of ORC § 2923.15(A), a first degree misdemeanor.

24. On May 20, 2014, Defendant Whetstone maliciously swore to a criminal complaint (File No. CCSO00002067) in the Clark County Municipal Court falsely alleging Justin O. Legge, "...transport(ed) or have (had) a loaded handgun in a motor vehicle when, at the time of that transportation or possession, the person's whole blood,

blood serum or plasma, breath, or urine contained a concentration of alcohol, a listed controlled substance, or a listed metabolite of a substance prohibited for persons operating a motor vehicle...." charging a violation of ORC § 2923.16(D)(2), a fifth degree felony.

25. Pursuant to the policy, custom or practice promulgated by Defendant Kelly, Dep. Whetstone maliciously and recklessly filed the criminal complaints falsely and maliciously charging the violations indicated in ¶ 22, ¶ 23, and ¶ 24 without regard to whether or not the handguns or firearms are capable of discharging projectiles.

26. In support of the criminal complaint (Case No. CCSO00002067) Defendant Whetstone falsely averred in a "Probable Cause Affidavit", "The key to the lock box was on a clip on the outside of the drivers' pants."

27. On May 19, 2014, Defendant Stouffer caused a "Letter of Suspension of Concealed Handgun Permit" to be served upon Justin O. Legge, advising him that his Ohio License to carry a concealed handgun had been suspended and that he had ten (10) days to surrender his concealed carry permit to the Sheriff's East District (Stouffer's) Office or face additional charges.

28. On May 27, 2014, Justin O. Legge surrendered his Ohio Concealed Weapons License to Defendant Stouffer as directed by Defendant Stouffer's May 19, 2014 "Letter of Suspension of concealed handgun permit."

29. The Clark County Municipal Court scheduled the felony weapons charge identified in ¶ 24 herein for a preliminary hearing on June 2, 2014, but no witnesses appeared at said preliminary hearing and the felony case was ordered dismissed.

30. The Clark County Municipal Court scheduled a hearing on a Motion to Suppress Evidence for July 24, 2014. Immediately prior to the July 24, 2014 hearing, all remaining criminal and traffic charges arising out of the May 17, incident were dismissed by the Springfield Municipal Prosecutor.

31. On August 4, 2014, an appeal of Justin O. Legge's Administrative License Suspension was granted eliminating any impediment to Legge obtaining his resumed Commercial Drivers' License but for the return of Legge's actual commercial drivers' license and the payment of a $475 reinstatement fee to the Ohio Bureau of Motor Vehicles.

32. Persons in the employ of Defendant Kelly, pursuant to a policy, custom or practice promulgated by Defendant Kelly, retained Justin O. Legge's two (2) .40 cal Smith and Wesson handguns, five (5) ammunition magazines, and Ohio Concealed Handgun license until August 6, 2014 after urging by counsel for Justin O. Legge.

33. Defendant, Stouffer, pursuant to a policy, custom or practice promulgated by Defendant Kelly, retained the Ohio Concealed Handgun license of Justin O. Legge subsequent to the dismissal of all charges until August 6, 2014, when he returned said property to Justin O. Legge upon urging of legal counsel for Justin O. Legge.

### CLAIMS FOR RELIEF

34. Plaintiffs restate all allegations contained in ¶ 1 through ¶ 33 as though fully restated herein.

35. Plaintiffs state that the actions of Defendant Whetstone, complained of herein constitute violations of his personal rights and his rights to have is property to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment

of the United Sates Constitution; Article I Sec. 14 of the Ohio Constitution; violations of his rights to due process of law as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution; his rights to due course of law as guaranteed by Article I Sec. 16 of the Ohio Constitution; and his rights to bear/possess firearms as guaranteed by the Second Amendment to the United States Constitution and Article I Sec. 4 of the Ohio Constitution, which violations were accomplished under color of law and thus constitute violations of 29 USC § 1983.

36. Plaintiffs state that the actions of Defendant Kelly in his official capacity complained of herein constitute violations of his rights to have his property to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment of the United States Constitution; Article I Sec. 14 of the Ohio Constitution; and his rights to bear/possess firearms as guaranteed by the Second Amendment to the United States Constitution and Article I Sec. 4 of the Ohio Constitution, which violations were accomplished under color of law and thus constitute violations of 29 USC § 1983.

37. Plaintiffs state that the actions of Defendant Stouffer complained of here constitute violations of his rights to have his property to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment of the United States Constitution; Article I Sec. 14 of the Ohio Constitution; and his rights to bear/possess firearms as guaranteed by the Second Amendment to the United States Constitution and Article I Sec. 4 of the Ohio Constitution, which violations were accomplished under color of law and thus constitute violations of 29 USC § 1983

38. Plaintiffs state that the actions of Defendant Bradley complained of herein constitute violations of his rights to have is property to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment of the United States Constitution; Article I Sec. 14 of the Ohio Constitution; and his rights to bear/possess firearms as

      guaranteed by the Second Amendment to the United States Constitution and Article I Sec. 4 of the Ohio Constitution, which violations were accomplished under color of law and thus constitute violations of 29 USC § 1983.

39. Plaintiffs state that the policies, customs, and/or practices promulgated by Defendant Kelly that deputies sheriff should file complaints for charges unlawfully carrying or transporting handguns or other firearms prior to determining if said handguns or firearms and the policies and/or the policies to retain handguns or other firearms and Ohio Concealed Weapons permits after the dismissal of all charges violated the rights of Justin O. Legge to possess and bear arms as are guaranteed by the Second Amendment to the United States Constitution.

40. Plaintiffs state that the actions of Defendant Whetstone as complained of herein constitute malicious prosecution as is prohibited by Ohio Law.

41. Plaintiffs state that the actions of the Defendants, jointly, sevarally, and in the alternative deprived Plaintiff Michelle Legge of her rights to the services, society and consortium of her spouse, Justin O. Legge.

**DAMAGES**

42. Plaintiffs state that as a direct and proximate result of the actions complained of in ¶ 3 through ¶ 41 of this complaint, plaintiff Justin O. Legge was required to retain legal defense counsel and expend the sum of $9,412.25 for the services of said counsel.

43. Plaintiffs further state that as the direct and proximate result of the actions complained of in ¶ 3 through ¶ 41 of this complaint, Justin O. Legge was required to expend the sum of $246.68 to Park Layne Sunoco to have his Dodge Ram 3500 pickup truck released from impound.

44. Plaintiffs further state that as the direct and proximate result of the actions complained of in ¶ 3 through ¶ 41 of this complaint, Justin O. Legge was required to expend the sum of $475.00 to obtain the return of his commercial driver's license from the Ohio Bureau of Motor Vehicles and make a personal trip to the Bureau of Motor Vehicles in Columbus, Ohio.

45. Plaintiffs further state that Justin O. Legge was deprived of his rights to possess and bear arms from May 17, 2014 to August 5, 2014, his personal liberty, the use of his Dodge Ram 3500 pickup truck, the ability to lawfully operate a motor vehicle, to lawfully perform the duties of his employment with the Bethel Township, Clark County, Ohio, Trustees, and his duties as a farmer as a direct and proximate result of the actions complained of in in ¶ 3 through ¶ 41 of this complaint.

46. Plaintiffs further state that as a direct and proximate result of the conduct of Defendant Whetstone as complained of in ¶ 19 herein that between May 17, 2014 and August 5, 2014, Justin O. Legge was required to obtain transportation for approximately:

    A.  One Hundred Ten (110) one way trips to his employment with the Bethel Township Trustees from his residence and return the reasonable value of which is $25.00 each.

> B. One Hundred Twenty (120) one way trips to locations where he could conduct/participate in farming operations from his residence and return the reasonable value of which is $25.00 each.
>
> C. Ten (10) one way trips to court appearances in Downtown Springfield, Ohio from his residence and return, the reasonable value of which is $35.00 each.
>
> D. One (1) round trip to the office of Defendant Stouffer at 3130 East Main Street, Springfield, Ohio, from his residence and return the reasonable value of which is $75.00.
>
> E. Five (5) round trips to the offices of legal counsel in Dayton, Ohio from his residence and return the reasonable value of which is $100.00.
>
> F. One (1) round trip to offices of the Ohio Bureau of Motor Vehicles in Columbus, Ohio, from his residence and return the reasonable value of which is $150.00.

47. Plaintiffs further state that as a direct and proximate result of the conduct of the Defendants complained of in ¶ 3 through ¶ 41 of this complaint he was required to be absent from his employment with the Bethel Township Trustees for at least four full days and that the reasonable value of lost work or substituted personal or vacation/personal time is approximately $780.

48. Plaintiffs further state that from May 17, 2014 thru August 6, 2015, Justin O. Legge suffered emotional distress as the direct and proximate result of the activities complained of in ¶ 3 through ¶ 41 of this complaint.

49. Plaintiffs further state that Plaintiff Michelle Legge suffered the loss of the services, society and consortium of Justin O. Legge as the direct and proximate result of the actions complained of in ¶ 3 through ¶ 41 of this complaint.

*Wherefore* Plaintiffs pray for compensatory damages in the amount of $250,000, punitive damages the amount of $500,000.00, the costs of suit, and reasonable attorney fees pursuant to 28 USC § 1988 and such other relief to which they may be entitled in law or in equity.

    s/ KONRAD KUCZAK
**Konrad Kuczak, Ohio Reg. 0011186**
Trial Attorney for Plaintiffs
130 West Second Street, Suite 1010
Dayton, OH 45402-1588
Telephone: (937) 228-8363
Facsimile:  (937) 228-0520
E Mail: your_lawyer @ sbcglobal.net

**JURY DEMAND**

Plaintiffs hereby demand trial by jury of all issues so triable.

    s/ KONRAD KUCZAK
**Konrad Kuczak, Ohio Reg. 0011186**
Trial Attorney for Plaintiffs
130 West Second Street, Suite 1010
Dayton, OH 45402-1588
Telephone: (937) 228-8363
Facsimile:  (937) 228-0520
E Mail: your_lawyer @ sbcglobal.net